# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| LOVELLE FREDRICK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 3:09-CV-541 TS |
| v. | ) | |
| | ) | |
| GONZALES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on an amended complaint filed by Lovelle Fredrick, a *pro se* prisoner, under 42 U.S.C. § 1983. [DE 4.] This is Fredrick's second attempt to state a claim for relief, his first complaint having been stricken due to numerous deficiencies. [DE 1, 3.]

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of

state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Fredrick alleges that Officer Gonzales, a guard at Westville Correctional Facility, denied him access to the law library on an unknown date. In support, he states as follows:

> When I asked to go to the law library I was denied. When I asked the reason, [Officer Gonzales] replied, 'You told me you didn't want to go.' I cannot remember the date. . . . He violated my right to library/law. I am entitled to the law library if I ask. I feel that if I would have been able to go to the law library I would have been able to present a solid case for my confi[ne]ment in segregation.

[DE 4 at 3.]

There is no "freestanding right" to use the prison law library; instead, "meaningful access to the courts is the touchstone" of the right protected by the Constitution. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To prove a violation of the right of access to the courts, an inmate must demonstrate actual injury by showing that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).

Even assuming it can be inferred from the complaint that Fredrick was purposely denied access to the law library (as opposed to there simply having been a miscommunication between himself and Officer Gonzales), he has not alleged any actual injury. Giving the complaint liberal construction, Fredrick appears to allege that had he been able to use the law library that day, a case he filed in this District challenging a prison disciplinary proceeding would not have been dismissed. [*See Frederick v. Superintendent*, 3:09cv443-JTM (N.D. Ind. filed Sept. 22, 2009).] However, a review of the docket in that case reveals that it was dismissed because Fredrick received a punishment of segregation. [*See id.*, DE 8.] Because the sanction imposed did not lengthen the duration of Fredrick's confinement, he could not challenge it in a habeas proceeding.

2

*See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Given the binding Seventh Circuit case law on this issue, no amount of time Fredrick spent in the law library would have changed the outcome of that case. Accordingly, Fredrick has failed to state a claim for denial of access to the courts.

For the foregoing reasons, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED on January 21, 2010.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION